16,525-08

TRIAL No. 42,561-B-H-2

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 18 2015

Abel Acosta, Clerk

EX PARTE

LARRY MEANS

IN THE COURT OF

CRIMINAL APPEALS

AUSTIN,TEXAS.

OBJECTION TO THE TRIAL COURT'S

FINDING OF FACTS


TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now comes Larry Means,applicant in the above.styled cause and respectfully moves this Court with an Objection to the Trial Court's Finding of Facts pursuant to the application 11.07 of the Texas Code of Criminal Procedure.

Applicant has raised two grounds stating that they are constitutional violations and due to these constitutional violations are the result of his incarceration.The Trial Court's finding of facts and conclusion of law are unreasonable and do not establish any State or Federal law.In ground one applicant is stating that his conviction was obtained by ineffective assistance of counsel.In the finding of facts,State states that the open plea was valid,but there is no transcription of the record of the hearing.(see pg.63)While trial counsel states in the affidavit that he submitted to the State that applicant was admonished on the record.

Applicant's statement about the plea hearing indicates that he did not understand the nature of waiving his rights.In considering of a guilty plea the reviewing court should examine the record as a whole.In this case the State is saying there was no need to record this official duty because applicant pleading guilty to the offense.The Court of Criminal Appeals states in Exparte Chavez,482 S.W.2d 175, that article 26.13 of the Texas Code of Criminal Procedures requiring Courts to admonish defendants of consequences of guilty plea and accept plea of guilty only if the defendant is sane and not influenced by fear or persuasion must be complied with as a condition precedent to validity of plea of guilty and compliance must be manifest of record.

1.

This objection is for the State stating that there was no need to record these critical stages,when the United States Supreme Court has ruled that Counsel is Ineffective when the plea offer and plea hearing is not part of the record <u>Missouri v Frye,132 S.Ct.1399</u>.This is a step that Counsel must make to protect his clients Constitutional rights. The bottom line is, the State cannot say applicant made a valid plea without referring to the record.Counsel was to make sure the plea hearing was part of the record so the reviewing court could see that the plea was freely and voluntarily made and that he understands the nature of the charges against him and the nature of the constitutional rights that he wished to waive.See <u>Mathew v. Johnson,201 F.3d 353</u>

In ground two applicant is stating that his conviction was obtained due to a unlawful blood draw that was not warrented.In the finding of facts,State states that this matter is a direct appeal matter and should have been brought up on direct appeal. This is unreasonable because the Texas Code of Criminal Procedures art.11.07 lies only to review Jurisdictional Defects or denial of fundamental or constitutional rights,and is the remedy to be used when any person is restrained of his liberty.The Fourth Amendment provides in relevant part that the right of the people to be secure in their persons,house,papers,and effects,against unreasonable searches and seizures,shall not be violated.The blood testing in this case should have been suppressed because it was taken without the consent of applicant or with a warrant.

The State also claims that applicant does not fall under The Court of Criminal Appeals holding.<u>State v. Villarreal No.PD-0306 -14</u> which is a motion hearing delivered November 26,2014.Applicant was sentenced November 25,2013.However,The Court of Criminal Appeals ruling of <u>Villarreal</u> blood draw was unconstitutional from the United States Supreme Court holding <u>Missouri v. McNeely,133 S.Ct.1552</u>. That principle applies to taking involuntary blood samples which involve a compelled physical intrusion beneath the subjects skin and into his veins to obtain a sample of his blood violates an individual's most personal and deep-rooted expectations of privacy. Which was decided April 17,2013,meaning applicant does fall within the retroactively of <u>Villarreal</u> see <u>Teague v. Lane 109 S.Ct.1060</u>.

2.

## Conclusion

This objection maintains that the Court's findings are very unreasonable,they do not have any authorities and their facts are contrary.

1) The reviewing court must have the records to hold if the applicant made a valid waiver.One party is stating that there was no need to make transcripts of the plea hearing.And the other party is stating that there is minutes of the hearing.

2) The fourth amendment violation is a cognizable matter for post conviction because applicant is incarcerated due to a constitutional violation.And applicant case is retroactively because of United.State Supreme Court Law.

## Prayer

Therefore applicant prays that this objection is sustained and he would be entitled relief in his Postconviction proceedings.

Respectfully Submitted,

_Larry Wayne Means_
Applicant

March 13th 2015
_____
Date

3.